UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILLIE OGDEN,

        Plaintiff,                            Hon. Janet T. Neff

v.                                            Case No. 1:09-mc-98

FORTRESS GROUP USA, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Judgment Creditor's Motion to Direct Merrill Lynch to Disburse Judgment Debtor's Property</u>. (Dkt. #185). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this motion be **granted**.

## BACKGROUND

On December 22, 2008, Plaintiff obtained in the United States District Court for the Central District of California, judgment in the amount of three-hundred twenty-four thousand dollars ($324,000) against Defendants: (1) Fortress Group USA; (2) CRM Investors Corp.; and (3) Roger Clark. (Dkt. #1). On September 14, 2009, Plaintiff registered this judgment with the Court. (Dkt. #1). Plaintiff thereafter began initiating in this Court actions to secure satisfaction of this judgment.

On October 16, 2009, Defendant Roger Clark, proceeding pro se, submitted an objection "to any [and] all garnishments requested by the Plaintiff, Millie Ogden." (Dkt. #61). Defendant asserted four specific objections, three of which challenged the merits of the underlying Judgment. Defendant Clark also objected to the garnishment of "two bank accounts at Fifth Third Bank" on the

ground that such accounts contained Social Security benefits which are allegedly exempt from garnishment. The Honorable Janet T. Neff rejected Defendant's objections challenging the merits of the underlying Judgment on the ground that "[o]bjections to a garnishment are limited to defects in the garnishment procedure or legal bars to the garnishment; objections may not be used to attack the original judgment." (Dkt. #85). Judge Neff also denied Defendant's objection to the garnishment of the Fifth Third Bank accounts on the ground that "Defendant has failed to show that the approximately $1400 at issue is exempt from garnishment." (Dkt. #119).

On or about February 9, 2010, Plaintiff issued to Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch) a "Request and Writ for Garnishment" seeking to recover any money belonging to Defendant Roger Clark. (Dkt. #143). On or about March 2, 2010, Merrill Lynch submitted a "Garnishee Disclosure" form stating that it maintained two accounts in which Defendant Clark held an interest. (Dkt. #145). Merrill Lynch indicated that these two accounts were owned by "Roger L Clark and Crystal V Clark JTWROS." Merrill Lynch indicated that the value of these two accounts equaled ten-thousand seven-hundred twenty-four dollars and thirty-nine cents ($10,724.39). *Id.*

On March 8, 2010, Defendant Clark submitted an objection to the attempted garnishment by Plaintiff of these two accounts. Defendant Clark objected on the ground that the accounts in question were jointly owned by his wife who is not a party to the underlying action in which judgment was obtained. (Dkt. #151). On March 22, 2010, Judge Neff denied Defendant Clark's objections, noting that Clark "has not established standing to assert a claim of interest on behalf of his wife" and, furthermore, "has failed to set forth any legal basis for his objection." (Dkt. #168).

Merrill Lynch subsequently submitted a complaint for interpleader to determine "the legal and beneficial ownership of the assets" in the two aforementioned Merrill Lynch accounts. (Dkt.

#172, 177). This action was served on both Roger Clark and Crystal Clark. (Dkt. #172 at 6; Dkt. #177 at 6). However, neither Roger Clark nor Crystal Clark have responded to the interpleader complaint as required. Accordingly, Plaintiff Millie Ogden moved the Court for an order directing Merrill Lynch to surrender to her the proceeds of the previously mentioned Merrill Lynch accounts. Neither Roger Clark nor Crystal Clark (nor any other party) responded to Plaintiff Millie Ogden's motion.

Accordingly, the Court issued an Order to Show Cause directing Defendants Roger Clark and Crystal Clark to show cause why Plaintiff's Millie Ogden's motion should not be granted and the proceeds of the accounts in question surrendered to her. Defendants were instructed to respond to the Court's Order no later than June 10, 2011. The Court further warned Defendants that if they failed to timely respond to the Court's Order, the Court would recommend that Plaintiff's motion be granted.

Defendants Roger Clark and Crystal Clark have failed to respond to the Court's Order to Show Cause or otherwise defend or respond to the interpleader action asserted by Merrill Lynch. It is a well accepted principle that "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Biggers v. Ameriprise Financial Services, Inc.*, 2010 WL 5139345 at *3 (E.D. Tenn., Dec. 10, 2010); *State Farm Mutual Automobile Ins. Co. v. Wagnon*, 1992 WL 64883 at *1 (same); *Metropolitan Life Ins. Co. v. Theriot*, 2010 WL 4644057 at *3 (W.D. La., Nov. 8, 2010) (same). In light of the failure by Defendants Roger Clark and Crystal Clark to comply with the Court's Order to Show Cause or otherwise respond to or defend the aforementioned interpleader action, the undersigned recommends that Plaintiff Millie Ogden's motion be granted and the proceeds of the Merrill Lynch accounts that are the subject of the interpleader action be surrendered to Plaintiff Millie Ogden.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Judgment Creditor's Motion to Direct Merrill Lynch to Disburse Judgment Debtor's Property</u>, (dkt. #185), be **granted** and the proceeds of the two Merrill Lynch accounts that are the subject of the aforementioned interpleader action be surrendered to Plaintiff Millie Ogden.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 20, 2011         /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge